**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARINA M.,[1]<br><br>    Plaintiff,<br><br> v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. ED CV-17-02374 AFM<br><br>**MEMORANDUM OPINION AND ORDER REVERSING AND REMANDING DECISION OF THE COMMISSIONER** |

Plaintiff seeks review of the Commissioner's final decision denying her application for disability insurance benefits. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the disputed issues. This matter is now ready for decision.

## BACKGROUND

Plaintiff filed an application for disability benefits on January 22, 2014, alleging disability as of January 20, 2012. Her application was denied initially and

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

on reconsideration. (Administrative Record ["AR"] 94-97, 102-106.) A hearing took place before an Administrative Law Judge (ALJ) on August 25, 2016, at which Plaintiff, her attorney, and a vocational expert ("VE") were present. (AR 33-65.) In a written decision dated October 13, 2016, the ALJ found that Plaintiff suffered from the following severe impairments: osteoarthritis; rheumatoid arthritis; gastroesophageal reflux disease ("GERD"); bilateral rotator cuff tendinopathy; and history of hiatal hernias, status post repair. (AR 20.) The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of light work. (AR 22.) Relying on the testimony of the VE, the ALJ concluded that Plaintiff was able to perform work existing in significant numbers in the national economy. (AR 26.) Accordingly, the ALJ determined that Plaintiff was not disabled from January 20, 2012 through the date of the las insured (December 31, 2014). (AR 27.) The Appeals Council denied review, thereby rendering the ALJ's decision the final decision of the Commissioner. (AR 1-3.)

## DISPUTED ISSUES

1.    Whether the ALJ properly considered all of the relevant medical evidence.

2.    Whether the ALJ properly considered Plaintiff's subjective complaints.

3.    Whether the ALJ properly relied upon the VE's testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). The Court reviews the record as a whole, weighing both

the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, [the court] may not substitute [its] judgment for that of the ALJ.").

## DISCUSSION

Plaintiff contends that the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's subjective complaints. For the following reasons, the Court finds that Plaintiff's contention is meritorious.

Plaintiff testified that she was unable to work due to depression, anxiety, arthritis, and gastrointestinal problems. She stated that she was unable to stand for long periods due to pain, unable to bend down due to acid reflux, and unable to grasp objects due to arthritis. Plaintiff further testified that there were days that she was unable to get out of bed. She attributed this to depression as well as drowsiness caused by her medications. She also had "a very hard time concentrating on things and memorizing things." On some days, she was unable to watch a television show and "follow what's going on." (AR 39-41, 43-45, 48-49.)

Plaintiff lives with her husband and daughter. According to Plaintiff, she is able to vacuum and sweep for five minutes at a time, do laundry twice a week, prepare meals with her husband, go out alone, drive to appointments and to the store, care for three dogs and two cats, and cook "quick things." She has no problem driving herself to her appointments, one of which requires an hour and a half to two hours in the car each way. She spends her days reading and watching television. Plaintiff speaks on the phone to her mother, sister, and best friend several times a week. She goes to church weekly and assisted in a church class for an hour and a half once a week. (AR 41, 50-55.) According to Plaintiff's Function Report, arthritis rendered her unable to

stand or walk for long; she was able to walk for only a quarter of a mile; she was unable to sit for long due to hip pain; she could lift about ten pounds; she had trouble paying attention; and she had "no energy." (AR 188-196.)

Where, as here, a claimant has presented evidence of an underlying impairment that could reasonably be expected to produce pain or other symptoms, the ALJ must evaluate the intensity and persistence of the claimant's symptoms and determine the extent to which those symptoms limit her ability to perform work-related activities. SSR 16-3P, 2016 WL 1119029, at *4.[2] Absent a finding that the claimant is malingering, an ALJ must provide specific, clear and convincing reasons before rejecting a claimant's testimony about the severity of his symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014-1015 (9th Cir. 2014)). "General findings [regarding a claimant's credibility] are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (quoting *Lester v. Chater*, 81 F.3d 821, 834) (9th Cir. 1995)). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 345-346 (9th Cir. 1991) (en banc)).

Factors an ALJ may consider when making such a determination include the objective medical evidence, the claimant's treatment history, the claimant's daily

---

[2]  Social Security Ruling 16-3P, which became effective March 28, 2016 applies to this case. SSR 16-3P rescinded and superseded the Commissioner's prior rulings as to how the Commissioner will evaluate a claimant's statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims. *See* SSR 16-3P, 2017 WL 5180304, at *1. The Ninth Circuit has found the changes in SSR 16-3P to be largely stylistic and held that SSR 16-3P is consistent in substance with Ninth Circuit precedent that existed before the effective date. *Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017). Accordingly, the Court relies upon Ninth Circuit authority governing the proper method for assessing a claimant's credibility.

activities, an unexplained failure to pursue or follow treatment, and inconsistencies in testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002).

As the Commissioner points out, the ALJ provided two reasons for discounting Plaintiff's subjective complaints. (*See* ECF No. 22 at 10-14.)

For the first reason, the ALJ concluded that Plaintiff's allegations were inconsistent with the medical evidence. Upon review of the record and the decision, the Court finds that the ALJ's summary of the evidence was accurate and complete, and her characterization of the record is supported by substantial evidence. Thus, the ALJ was entitled to rely upon the lack of objective medical evidence to discredit Plaintiff's subjective complaints, but this may not be the sole basis for the adverse credibility determination. *See Bunnell v. Sullivan*, 947 F.2d 341, 346-347 (9th Cir. 1991); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

As a second reason, the ALJ relied upon Plaintiff's daily activities to reject her subjective complaints. Specifically, the ALJ stated that Plaintiff's ability to vacuum or sweep for five minutes at a time, drive alone to appointments or the store, care for pets, talk on the telephone, read, watch television, and volunteer as an assistant for a weekly church class, was consistent with the RFC in the decision. (AR 23.)

"Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Trevizo*, 871 F.3d at 682 (citing *Ghanim*, 763 F.3d at 1165). An ALJ, however, is required to explain which particular activities are considered incompatible with which of the claimant's allegations. *See Burrell*, 775 F.3d at 1138 (error where "the ALJ did not elaborate on *which* daily activities conflicted with *which* part of Claimant's testimony").

Here, the ALJ failed to identify which of Plaintiff's activities she believed were inconsistent with which of Plaintiff's subjective complaints. The ALJ's conclusory reliance upon Plaintiff's daily activities – by simply listing basic activities that Plaintiff can do – is legally insufficient. *See Garrison,* 759 F.3d at 1015-1016 (noting that "[w]e have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day," and holding that the ALJ erred in concluding that the claimant's reported daily activities, which "included talking on the phone, preparing meals, cleaning her room, and helping to care for her daughter," were inconsistent with her pain complaints); *Gooden v. Colvin*, 2016 WL 6407367, at *6 (C.D. Cal. Oct. 28, 2016) (the ALJ improperly relied upon claimant's ability to perform a caregiver job "22 hours a week and engage in various exertional activities such as cooking, cleaning, shopping, doing the laundry, carrying groceries, and driving a car," because the ALJ did not explain how those chores or other activities contradicted claimant's subjective symptom testimony or were transferable to a work setting); *see generally Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005) ("The mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)).

Consequently, the ALJ failed to provide a sufficient clear and convincing reason to support the decision to discredit Plaintiff's subjective complaints. Further, the Court cannot conclude that the ALJ's error was harmless. *See, e.g., Brown-Hunter*, 806 F.3d at 492 (ALJ's failure adequately to specify reasons for discrediting claimant's testimony "will usually not be harmless"). In light of the significant functional limitations reflected in Plaintiff's subjective statements, the Court cannot

"confidently conclude that no reasonable ALJ, when fully crediting the [plaintiff's] testimony, could have reached a different disability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055-1056 (9th Cir. 2006).[3]

## REMEDY

"When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Indeed, Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. . . . If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808 F.3d at 407 (citation and internal quotation marks omitted).

Although the Court has found error as discussed above, the record on the whole is not fully developed and factual issues remain outstanding. The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler*, 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not clearly demonstrate the claimant is disabled within the

---

[3] In light of the Court's finding with regard to the credibility issue, it declines to address the two remaining issues raised by Plaintiff. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand.").

meaning of the Social Security Act).

Accordingly, the appropriate remedy is a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). It is not the Court's intent to limit the scope of the remand.

***********

IT IS THEREFORE ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.

DATED: 11/6/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE